HAYES v. WEITZEL.

1. SALES—RESCISSION ON GROUND OF MISREPRESENTATIONS—BURDEN OF PROOF.
    To entitle purchasers of confectionery business to rescission on ground of misrepresentations as to gross sales and average profits of business, it is necessary for them to show, by preponderance of evidence, that said representations were made by defendant, that plaintiffs relied on them, and that they were false.

2. SAME—SUFFICIENCY OF EVIDENCE.
    Evidence *held*, insufficient to entitle purchasers of confectionery business to rescission on ground of misrepresentations as to gross sales and average profits of business.

Appeal from Wayne; Marschner (Adolph F.), J. Submitted April 16, 1930. (Docket No. 157, Calendar No. 34,983.) Decided June 2, 1930.

Bill by Harry C. Hayes and another against Andrew J. Weitzel and another to rescind a contract

and recover consideration paid for the purchase of a business. From a decree dismissing the bill, plaintiffs appeal. Affirmed.

*Morris C. Schrager,* for plaintiffs.

*James R. Thomas,* for defendants.

McDONALD, J. This is a suit for the rescission of a contract for the purchase of a confectionery business located on Kercheval avenue in the city of Detroit, Michigan. The contract was in writing. The purchase price was $3,800. The payments were cash $896.89; an assignment of a land contract and series of notes totaling $800. At the time of suit, these notes had been assigned to defendant Adamson. The basis of the action is, that defendant Weitzel falsely represented the gross sales and average profits of the business. On the hearing, the trial court found that the plaintiffs had not sustained the burden of proof as to the misrepresentations. A decree was entered dismissing the bill. The plaintiffs have appealed.

It is charged in the bill, and the plaintiffs' testimony tends to show, that the defendant represented the business to be profitable, that the gross receipts were from $200 to $400 a week, and that the average weekly profits were $85. To entitle the plaintiffs to a rescission, it was necessary for them to show, by a preponderance of the evidence, that these representations were made by the defendant, that they relied on them, and that they were false. After reading the record, we agree with the trial court that the plaintiffs failed to establish their claim as to the alleged false representations.

The evidence shows that there had been a confectionery store at this location for many years, that

the defendant Weitzel purchased the business in September, 1924, and operated it until the time of sale to the plaintiffs in January, 1927, that he paid $1,250 down on a purchase price of $3,500, that out of the receipts from the business for the time he operated it he supported a family of five children and paid the balance of the purchase price down to $300. He kept a book account of his weekly receipts, and from this account listed them with the broker who negotiated the purchase for the plaintiffs. When he sold to them, he knew exactly what the business had produced under his management. It was not a losing business. He was not selling it for a greater price than he paid. The plaintiffs were eager to buy, and there was no apparent reason why he should exaggerate the receipts. The plaintiff Mr. Hayes was a man of large business experience. He bought this business for his wife. She operated it for seven days, with receipts, she says, below what it produced during the time it was conducted by the defendant. She wanted to continue, but deferred to the judgment of her husband, who had decided to file suit for rescission. Knowing that the business was running at a loss, and believing that defendant had misrepresented it, they made no complaint to him. It is clear from the record that the plaintiffs were very anxious to get possession of this business, that they were impressed with its possibilities under their management, and that they were not concerned with the receipts which came in while it was conducted by the defendant. This appears from the testimony of the defendant, who testified that when he told Mr. Hayes about the receipts, Hayes said:

" 'Well, I don't care exactly how much the income is. I want to fix up this place to suit myself. * * *

I want to install my own fixtures, my own ice cream * * * that balcony you have upstairs, I want to make a little den of it.' * * * He decided he wanted the store right then, and he wanted me to take my money out of the till and get him a lease.''

The trial court saw and heard the witnesses, and, with this advantage, and considering the circumstances attending the transaction, concluded that the plaintiffs had not made a case. With this conclusion we agree.

The decree is affirmed, with costs to the defendants.

WIEST, C. J., and BUTZEL, CLARK, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.